UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN FITZGERALD PULLINS,

    Plaintiff,

vs.                              Case No. 3:12-cv-987-J-99MMH-MCR

DEAN HAGGINS, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will treat as a motion to proceed in forma pauperis, and the Complaint (Doc. 1).

### **I. BACKGROUND**

Plaintiff, proceeding pro se, filed the Complaint in this case on September 5, 2012 alleging his civil rights were violated during a 2004 personal injury trial in state court. (Doc. 1). Specifically, Plaintiff contends the presiding judge failed to grant him a new trial despite the occurrence of several errors, which warranted a new trial. Additionally, Plaintiff alleges it was "inhumane" for the judge to permit Plaintiff to represent himself at the trial due to Plaintiff's mental impairments. (Doc. 1, ¶29). As such, Plaintiff claims he was denied the right to a fair trial and asks this Court to declare

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

the trial court's decision unconstitutional, order a new trial, order that fair negotiations take place, and award Plaintiff punitive damages.

Plaintiff points out that the instant Complaint is very similar to one filed in April 2012: Pullins v. Haggins, No. 3:12-cv-407-J-34MCR, which the Court dismissed as frivolous. (See Doc. 8).[2] The undersigned notes that the instant Complaint is indeed very similar to the one filed by Plaintiff in April and dismissed as frivolous. In fact, it is so similar that the undersigned will again recommend it be dismissed for the same reasons.

## II. ANALYSIS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." Id., §1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). A complaint filed in forma pauperis which fails to state a

---

[2] Additionally, Plaintiff filed another similar case in which Judge Adams denied Plaintiff's motion to proceed in forma pauperis and dismissed Plaintiff's Complaint. See Pullins v. Britton et al., No. 3:12-cv-409-J-25MCR, Doc. 6.

claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke, 490 U.S. at 328, 109 S.Ct. at 1833.  Instead, the Court will dismiss a claim pursuant to §1915 when the claim lacks arguable merit either in law or fact.  Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831-32; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  Accordingly, §1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349.  Additionally, the court may dismiss a case on grounds of frivolity if the court sees that an affirmative defense would defeat the action. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640-41 (11th Cir. 1990).

Here, the undersigned again believes the Complaint is due to be dismissed as frivolous because this Court does not have subject matter jurisdiction over Plaintiff's claims.  As noted above, Plaintiff's Complaint attempts to state claims for violations of Plaintiff's rights under the Sixth and Fourteenth Amendments to the Constitution. However, the Complaint is essentially attacking the state court judge's handling of the proceedings during Plaintiff's personal injury lawsuit in 2004.  Unfortunately, this Court cannot act as an appellate court with respect to state court decisions.

The Rooker-Feldman doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments.  Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).  The Supreme Court has explained that the Rooker-Feldman doctrine

applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22 (2005).  The Eleventh Circuit has held that in order for the Rooker-Feldman doctrine to apply under the strictures of Exxon–Mobil, the court must first determine "whether the state court 'rendered judgment before the district court proceedings commenced.'" Cormier v. Horkan, 397 F.App'x. 550, 552 (11th Cir. 2010) (quoting Nicholson, 558 F.3d at 1274). In the instant case, the undersigned is aware (due to Plaintiff's Complaint in the prior case) that Plaintiff appealed the trial court decision to both the First District Court of Appeals and the Florida Supreme Court but was unsuccessful.  Plaintiff filed his federal complaint in this lawsuit after the state court proceeding was concluded.  Because Plaintiff exhausted his state court remedies before he filed this federal suit, the state proceedings have ended for purposes of the Rooker-Feldman doctrine.

  Next, the Court must "determine whether a plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments." Cormier, 397 F.App'x. at 553 (citing Exxon–Mobil, 544 U.S. at 284, 125 S.Ct. at 1521–22).  In making this determination, the Eleventh Circuit examines "whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." Cormier, 397 F.App'x. at 553 (citations omitted).  "'A claim is inextricably intertwined if it would effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues.'" Id. (quoting Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir.

2009) (internal quotations and citations omitted). Applying this standard to the instant case reveals the Complaint falls squarely within the scope of the Rooker-Feldman doctrine's jurisdictional bar.

In the Complaint, Plaintiff asks the Court to declare the trial court's decision unconstitutional, enter an order granting a new trial, and to enter an order directing that fair negotiations (presumably between Plaintiff and the defendant in the personal injury case) take place. Clearly, Plaintiff is a state court loser who is attempting through the Complaint to nullify the state court orders. Accordingly, Plaintiff's claims before this Court succeed only to the extent the state court wrongly decided issues during the personal injury case and are therefore, inextricably intertwined with the state court proceedings. Accordingly, Plaintiff's recourse "was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal." Casale, 558 F.3d at 1261.

However, "even if a claim is 'inextricably intertwined' with the state court's judgment, the doctrine does not apply if the plaintiff had no 'reasonable opportunity to raise his federal claim in state proceedings.'" Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996)). Here, it is clear Plaintiff had an opportunity to raise his claims in the state court proceedings as all of his complaints deal with the handling of his trial before the state court. Therefore, the undersigned believes the present action is barred by the Rooker-Feldman doctrine.

Even if this action were not barred by the Rooker-Feldman doctrine, the undersigned would recommend dismissal as none of the Defendants are proper defendants under §1983. First, the individuals, Messrs Haggin, Gainey, and Worley, and the corporation, R & J Towing and Recovery, are not state actors for purposes of §1983. In order to state a claim pursuant to §1983, Plaintiff must satisfy two elements. First, he must allege that "an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States." Winter v. Administrator, Douglas County Memorial Hosp., 2007 WL 1430500 at *1 (N.D. Ga. 2007) (citing Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995)). Next, Plaintiff must allege that "the act or omission was committed by a person acting under color of state law." Id. Here, Plaintiff has failed to satisfy the second requirement. Attorneys who represent an individual in a court proceeding do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Similarly, the other individuals and the corporation were not acting under color of state law. See Eidson v. Arenas, 155 F.R.D. 215, 221 (M.D. Fla. 1994) (dismissing §1983 claim where defendants, private litigants, were not acting under color of state law).

Additionally, the claims against Judge Daniel must also be dismissed because he is entitled to absolute judicial immunity. It is well settled that judges are absolutely immune from civil liability for any acts performed in their judicial capacity, providing such

acts are not performed in clear absence of all jurisdiction. Reitmire v. Florida Atty. Gen., No. 2:07-cv-620-FtM-29DNF, 2008 WL 341439, at *2 (M.D. Fla. Feb. 5, 2008) (citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S.Ct. 1099 (1978); and Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)).  Accordingly, judicial immunity is determined based on a two-part test.  First, the judge must have dealt with the plaintiff in a judicial capacity.  "[W]hether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  Mireles v. Waco, 502 U.S. 9, 112 S.Ct. 286, 288  (1991) (quotations and alteration omitted).  The judge in the instant matter was dealing with Plaintiff during the personal injury proceedings.  Moreover, the conduct of the judge about which Plaintiff complains deals entirely with the handling of the personal injury trial.  The conduct of a trial is certainly a function normally performed by a judge and therefore, the judge in this case was clearly dealing with Plaintiff in a judicial capacity.

The second part of the test requires that the judge does not act in the "clear absence of all jurisdiction."  Simmons, 86 F.3d at 1085.  A judge does not act in the "clear absence of all jurisdiction" when his actions are in error, malicious, or in excess of his jurisdiction; but instead, only when he acts without subject-matter jurisdiction.  Dykes v. Hosemann, 776 F.2d 942, 947-48 (11th Cir. 1985).  Again, in the instant case, Plaintiff's claims against the judge are based on his handling of the trial.  "Entering a judgment or order is a quintessential judicial function and immunity attaches to it."

Wilson v. Bush, 196 F.A'ppx. 796, 799 (11th Cir. 2006). "'This immunity applies even when the judge is accused of acting . . . corruptly.'" Id. (quoting Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218 (1967)). Plaintiff's claims are based on allegations that the judge acted improperly by entering orders during the trial and not that he acted in the absence of all jurisdiction. Accordingly, Judge Daniel is entitled to judicial immunity.[3]

To the extent Plaintiff seeks injunctive relief against Judge Daniels, such relief would not necessarily be precluded by judicial immunity. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. §1983, provided that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." Bolin, 225 F.3d at 1242. As Plaintiff has failed to plead the existence of either of these exceptions, the Complaint is subject to dismissal to the extent it seeks injunctive relief.[4]

Accordingly, after due consideration, it is respectfully

**RECOMMENDED:**

---

[3] Additionally, with respect to the Duval County Courthouse, there are no allegations regarding this Defendant.

[4] To be entitled to declaratory relief, a plaintiff must show, among other things, that he lacks an adequate remedy at law. Bolin, 225 F.3d at 1242-43. An adequate remedy at law exists where the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. Id. at 1242. In the instant case, Plaintiff has not alleged he has no adequate remedy at law. Moreover, as Plaintiff was certainly able to and did indeed seek review of Judge Daniel's conduct during the trial at the state court level, he cannot show lack of an adequate remedy at law.

Plaintiff's Affidavit of Indigency, which the Court construes as a motion to proceed in forma pauperis, (Doc. 2) be **DENIED** and the Complaint (Doc. 1) be **DISMISSED**.

**DONE AND ENTERED** in Chambers, Jacksonville, Florida this  12th  day of September, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Pro Se Plaintiff
Hon. Marcia M. Howard,
United States District Judge